UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| BALIRAM MARAJ, *et al.* | ) | 3:18-CV-00829 (KAD) |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROYALTY CONSTRUCTORS, INC., *et al.* | ) | |
| | ) | |
| *Defendants*. | ) | SEPTEMBER 12, 2019 |

ORDER
RE: MOTION TO COMPEL [ECF NO. 36]

Kari A. Dooley, United States District Judge

Pending before the Court is the Defendants' Motion to Compel filed on July 30, 2019. (ECF No. 36.) The motion seeks responses to Interrogatory Nos. 1, 19, 20, and 21 and Request for Production No. 5. On August 27, 2019, the Plaintiffs' filed an objection. (ECF No. 39.) Therein, the Plaintiffs represented that they were withdrawing their objections to Interrogatory Nos. 1, 19, and 21, leaving Interrogatory 20 and Request for Production No. 5 for the Court to decide. However, the Plaintiffs thereafter appeared to object to the propriety of Interrogatory No. 21, not Interrogatory No. 20.

Thus, as an initial matter, it is unclear whether the Plaintiffs are persisting in their objection to Interrogatory No. 21. It appears that the Plaintiffs may have intended to withdraw the objection to Interrogatory No. 20 but persist in their objection to Interrogatory No. 21. For the sake of clarity, and to avoid duplicative litigation, the Court will address the Plaintiffs' objections to both Interrogatory Nos. 20 and 21.[1]

---

[1] In light of the Plaintiffs' unequivocal representation that they are withdrawing their objections to Interrogatory Nos. 1 and 19, the Court finds the Motion to Compel moot as to these discovery requests and they will not be further discussed herein.

Interrogatory No. 20 seeks healthcare and damages information related to plaintiff Dr. Baliram Maraj's claim for negligent infliction of emotional distress. (*See* Compl., Count Six.) Interrogatory No. 21 asks the Plaintiffs to "identify each and every primary health care provider" for Dr. Maraj since September 9, 2006. Request for Production No. 5 seeks copies of Dr. Maraj's "healthcare records for the past 10 years." The Plaintiffs objects to these discovery requests on the basis that the information is protected by the psychotherapist-patient privilege and that the request seeks "information far beyond [that] which may be relevant for the garden variety emotional distress claims raised in this case by the Plaintiff Dr. Maraj and boarder [sic] on harassment." (ECF No. 39 at 3.)

Dr. Maraj has brought a claim of negligent infliction of emotional distress for which he seeks money damages. By doing so, he has placed his emotional health and history at issue. He cannot use privilege to shield discovery of this clearly discoverable information. *Green v. St. Vincent's Med. Ctr.*, 252 F.R.D. 125, 129 (D. Conn. 2019) ("District courts of the Second Circuit have long recognized that the protection of the psychotherapist-patient privilege is waived when a plaintiff puts his or her medical condition at issue in the case."). Indeed, where a plaintiff seeks damages for emotional distress, whether negligently or intentionally inflicted, the defendant may inquire into the plaintiff's history to determine whether other events may have contributed to his emotional distress, whether he received treatment for emotional distress prior to the conduct at issue, and the extent to which the conduct at issue is causally connected to any treatment he received or is receiving for his emotional distress. *See Sidor v. Reno*, No. 95-cv-09588 (KMW), 1998 WL 164823, at *2 (S.D.N.Y. Apr. 7, 1998).

Interrogatory 20 seeks information only as to those healthcare providers identified as having treated Dr. Maraj for the emotional distress he claims to have suffered in Count Six of his

Complaint. In addition, it asks for the amount of the "savings depleted" and "income lost" as a result of the Defendants' conduct, as alleged in the Complaint. (*See* Compl. at ¶ 37.) This is all discoverable information. The objection to Interrogatory No. 20 is OVERRULED.

Interrogatory No. 21 and Request for Production No. 5 are much broader. Interrogatory No. 21 seeks almost thirteen years' worth of information concerning Dr. Maraj's primary care providers, and Request for Production No. 5 seeks ten years' worth of healthcare records without any limitation. Because only Dr. Maraj's emotional health is at issue, unfettered access to his medical history is unnecessary, overly broad, and beyond the scope of Rule 26. Accordingly, the objection is SUSTAINED as to Interrogatory No. 21. Any discoverable primary care provider information is already encompassed by Interrogatory Nos. 19 and 20. The objection to Request for Production No. 5 is OVERRULED in part and SUSTAINED in part. The Plaintiffs shall produce the requested healthcare records, or authorizations for the same, ***only*** as they may relate to diagnosis, treatment, or complaints by Dr. Maraj regarding his mental or emotional health. Further, the time period covered by this Order is limited to the period January 1, 2014 to the present. The Defendants' may seek leave to request additional healthcare information and records if there is reason to believe, based on the information and records produced, that discoverable information may be contained in older records.

The Plaintiffs shall provide responses to Interrogatory No. 20 and Request for Production No. 5, as consistent with this Order, on or before September 27, 2019. The Defendants' request for costs is denied.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of September 2019.

                                                   */s/ Kari A. Dooley*
                                                  KARI A. DOOLEY
                                                  UNITED STATES DISTRICT JUDGE